**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

GREGORY L. HUGHES, #252393,

Petitioner,

v.

STATE OF SOUTH CAROLINA, HENRY MCMASTER, Attorney General of the State of South Carolina,

Respondents.

CIVIL ACTION NO. 0:05-2796-PMD-BM

**REPORT AND RECOMMENDATION**

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on September 26, 2005.[1]

The Respondents filed a return and motion for summary judgment on December 5, 2005. As the Petitioner is proceeding pro se, a Roseboro order was filed on December 6, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner filed a brief in opposition to the Respondents' motion on January 13, 2006. This matter is now before the Court for disposition.[2]

[1]Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment.



**Procedural History**

Petitioner was indicted in September 2001 in Bamberg County for second offense possession of crack cocaine with intent to distribute ("PWID crack") [Indictment No. 01-GS-05-0161]. (R.pp. 123-124). Petitioner was represented by Joshua Koger, Esquire. Despite notice, Petitioner did not show up for his trial, and he was tried *in absentia* on December 20, 2001 before a jury and found guilty as charged. (R.pp. 1-91). The trial judge issued a sealed sentence. After Petitioner was apprehended, the sealed sentence was read to the Petitioner, wherein he was sentenced to fifteen (15) years in prison. (R.p. 125). Petitioner did not appeal his conviction or sentence.

On October 1, 1997, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 93-97). Hughes v. State of South Carolina, 02-CP-05-0165. Petitioner raised the following issues in his APCR:

> 1. Ineffective assistance of counsel; subject matter of jurisdiction. I were tried in my absence.
>
> 2. Ineffective assistance of counsel in violation of the Fourteenth and Sixth Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution.

(R.p. 94).

Petitioner filed an amended Application on August 27, 2003, raising the following additional issue:

> That applicants indictment for possession with the intent to distribute crack cocaine does not satisfy notice requirements for indictments according to South Carolina Constitution and statutes, therefore the trial court lacked subject matter jurisdiction.

---

As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.





See Amendment (filed as an Attachment to the record).

Petitioner was represented by Daniel W. Luginbill, Esquire, and a hearing was held on Petitioner's application on October 28, 2003. (R.pp. 102-115). Petitioner only proceeded on the legal issue of whether his indictment failed to provide subject matter jurisdiction as it lacked an essential *mens rea* element. (R.p. 103). The PCR judge ruled orally in favor of Petitioner at the hearing, and on November 20, 2003, the PCR judge filed a written order vacating Petitioner's conviction and sentence based on lack of subject matter jurisdiction. (R.pp. 114, 116-118).

The State filed a notice of appeal with the South Carolina Supreme Court, and on July 20, 2004, the State filed a Petition for Writ of Certiorari raising the following issue:

> Did the PCR court err in concluding that the circuit court lacked subject matter jurisdiction when the indictment alleged the essential elements of the offense?

See Petition, p. 1.

Assistant Appellate Defender Aileen P. Clare of the South Carolina Office of Appellate Defense was appointed to represent Petitioner in the PCR appeal, and on October 4, 2004, she filed a Return to the Petition in which she raised the following issue:

> Did the lower court correctly rule that respondent's indictment for possession of cocaine did not confer subject-matter jurisdiction because it omitted an essential element and did not refer to a definitional statute?

See Petition, p. 2.

On August 29, 2005, the South Carolina Supreme Court issued an opinion in which it granted certiorari, dispensed with further briefing, reversed the PCR judge's order, and reinstated Petitioner's convictions. Hughes v. State, Memo Op.No. 2005-MO-042 (S.C. August 29, 2005). The Remittitur was issued on September 14, 2005.

In his Petition for writ of habeas corpus filed in the United States District Court,





Petitioner raises the following claim:

> Counsel was ineffective for failing to point out the defects in the indictment because it omitted an essential elements and did not refer to a definitional statue indictment for possession cocaine the lower was without jurisdiction to enter a conviction.

See Petition, p. 6.

**Discussion**

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.

In seeking dismissal of this action, Respondents correctly note that Petitioner did not raise the issue presented in this Petition in either a direct appeal or in his APCR appeal. Although Petitioner's original PCR petition did contain the following issue: "Ineffective assistance of counsel in violation of the Fourteenth and Sixth Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution"; Petitioner did not pursue an ineffective assistance of counsel claim at the PCR hearing, nor did he pursue any such claim in his PCR appeal. Therefore, the issue of whether Petitioner's trial counsel was ineffective in his representation of the Petitioner has never been adjudicated. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a





theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Since Petitioner did not pursue the claim set forth in his Petition in either a direct appeal or in his APCR appeal, it is barred from further state collateral review; Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); see also Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since this issue was not pursued by the Petitioner in the state courts, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).





> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner has not presented any argument to show cause for his failure to pursue this issue in the state courts. Instead, he only addresses the issue on the merits. See Petitioner's Response.

Since Petitioner has not even addressed the question of cause for his failure to raise this issue in his state PCR appeal, he has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor has Petitioner shown that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, Petitioner's claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

**Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this Petition be **dismissed**, with prejudice.





The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 17, 2006





**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

**The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).**

**During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:**

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

***Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:**

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

**See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:**

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**



