IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Gregory L. Hughes, #252393,            )
           Petitioner,            )
    v.                                  )        C.A. # 0:05-2796-PMD-BM
                                                    )        **ORDER**
                                                    )
Henry McMaster, Attorney General of    )
South Carolina,                        )
                                                    )
           Respondents.            )
_____)

This matter is before the court upon the Magistrate Judge's recommendation that summary judgment be entered against Gregory L. Hughes. The record contains a Report and Recommendation of the United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to a R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636 (b)(1). On June 7, 2006, Hughes filed timely objections to the R&R.

## I. BACKGROUND

In September of 2001, the Bamberg County Grand Jury indicted Petitioner for his second offense of possession of crack cocaine with intent to distribute. Joshua Koger represented the Petitioner at the trial level and despite notice, Petitioner did not show up for his trial. On December 20, 2001, Petitioner was tried and convicted *in absentia* in the Bamberg County Court of General Sessions. Petitioner was sentenced to 15 years confinement and did not appeal from his conviction and sentence.

On October 1, 2002, petitioner filed an application for post-conviction relief (APCR) in state court alleging (1) ineffective assistance of counsel in violation of the Fourteenth and Sixth

1

Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution, and (2) the trial court lacked subject matter jurisdiction. *Hughes v. State of South Carolina*, 02-CP-05-0165. The State filed a Return and Motion to Dismiss on March 10, 2003 and the Petitioner filed an amended Application on August 27, 2003, raising the following additional issue:

> The applicants indictment for possession with the intent to distribute crack cocaine does not satisfy notice requirement for indictments according to South Carolina Constitution and statutes, therefore the trial court lacked subject matter jurisdiction.

A hearing in Petitioner's APCR action was held in state court on October 28, 2003. Petitioner only proceeded on the legal issue of whether his indictment failed to provide subject matter jurisdiction as it lacked an essential *mens rea* element. (R.p. 103). The PCR judge ruled in favor of Petitioner at the hearing, and on November 20, 2003, the PCR judge filed a written order vacating Petitioner's conviction and sentence based on lack of subject matter jurisdiction.

The State filed a petition for writ of certiorari on July 20, 2004. On August 29, 2005, the South Carolina Supreme Court issued an opinion in which it granted certiorari, reversed the PCR judge's order, and reinstated Petitioner's convictions. *Hughes v. State*, Memo Op.No. 2005-MO-042 (S.C. August 29, 2005). The Remittitur was issued on September 14, 2005.

On September 27, 2005, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2254. Petitioner alleges that he is entitled to relief based on the following claim:

> Counsel was ineffective for failing to point out the defects in the indictment because it omitted an essential elements (sic) and did not refer to a definitional statute indictment for possession of cocaine [and] the lower [court] was without jurisdict (sic) to enter a conviction.

## II. STANDARD OF REVIEW

### A.     Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### B.     Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). A review of the entire record, including Petitioner's objections, indicates that the R&R accurately summarizes this case and the applicable law pertinent to the issues before the court. Accordingly, the R&R is adopted in whole and incorporated into this Order.

## III. DISCUSSION

As the Magistrate Judge correctly concluded, until the Plaintiff has exhausted his administrative remedies or has established a viable exception to the exhaustion requirement, this court may not adjudicate his claims. *See* 28 U.S.C. 2254 (b); *Picard v. Connor,* 404 U.S. 270 (1971); *Daniels v. Lee,* 316 F.3d 477, 485 (4th Cir. 2003). To satisfy the exhaustion requirement,

3

"a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997). The Magistrate Judge, in his R&R, found that because Petitioner did not present the issue of ineffective assistance of counsel at his PCR hearing, he has not exhausted his administrative remedies and this court may not adjudicate this claim. Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted.

In his objection to the R&R, the Petitioner argues that he *did* raise the issue of ineffective assistance of counsel at the PCR hearing and in the application for PCR. Petitioner also claims that the issue was raised in the state appeal to the South Carolina Supreme Court.[1] Although Petitioner's original PCR *petition* did allege "[i]neffective assistance of counsel in violation of the Fourteenth and Sixth Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution," the record shows that Petitioner did not pursue this claim at the PCR hearing, nor did he pursue any such claim in his PCR appeal. In South Carolina, Petitioner's failure to pursue the remaining claims at the PCR hearing constitutes abandonment of the claims, and the claims are thereafter procedurally barred. S.C. Code Ann. § 17-27-80; *see Plyler v. State*, 309 S.C. 408, 424 S.E.2d 477 (1992) (finding an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court procedurally barred). Accordingly, as the R&R correctly concluded, this court is procedurally barred from considering the Petitioner's claim of ineffective assistance of counsel.

---

[1] This claim is refuted by the record, which indicates that the ineffective assistance of counsel claim was raised only in the original PCR petition.

4

In his next objection to the R&R, Petitioner cites *Smith v. Dixon*, 14 F.3d 956, 969 (4th Cir. 1994), which states, "ineffective assistance of counsel claims are properly presented in habeas petition even if not raised on direct appeal." In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See Blakeley v. Rabon*, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for PCR relief. *See* S.C.Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. *See* S.C.Code Ann. § 17-27-90. While it is true that ineffective assistance of counsel claims do not have to be raised on direct appeal, Petitioner's objection is without merit. Petitioner's ineffective assistance of counsel claim was neither raised on direct appeal nor in the PCR hearing, and therefore has not been exhausted.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *See Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *Rose v. Lundy*, 455 U.S. 509 (1982).

## IV. CONCLUSION

It is therefore,

**ORDERED**, for the foregoing reasons, that Respondents' motion for summary judgment is **GRANTED** and that Petitioner's 28 U.S.C. § 2254 petition is **DENIED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 6, 2006.**

6